IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GLEN A STACKHOUSE, #150174, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:21-CV-430-WHA |
| | ) |
| LT. SEWELL, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff, a state inmate now incarcerated at Kilby Correctional Facility, brings this 42 U.S.C. § 1983 action in which he challenges his attack by other inmates during his incarceration at Staton Correctional Facility on May 6, 2021. Doc. 1. The Magistrate Judge has reviewed the complaint and determined this pleading cannot be properly and effectively processed by the court without further additional information from the individuals named as Defendants. Accordingly, it is

ORDERED that:

1. Defendants undertake a review of the complaint to (a) ascertain the relevant facts and circumstances; and (b) consider whether any action should be taken by jail officials to resolve the complaint.

2. A written report be filed by Defendants named in the complaint and a copy served upon Plaintiff on or before August 9, 2021. ***This report must contain the affidavits or sworn statements of the individual defendants and should also contain affidavits or***

*declarations under penalty of perjury from other personnel with personal knowledge of the claims made in the complaint.*

*3. <u>All defenses including immunity defenses must be set forth in the written report or such defenses may be waived</u>. Authorization is hereby granted to Defendants to interview all witnesses who agree to such action, including Plaintiff. In addressing the claims presented by Plaintiff, Defendants shall furnish copies of all documents, records and regulations relevant to Plaintiff's claims for relief. <u>Whenever relevant, copies of inspection, incident and investigative reports, disciplinary reports, behavior citations and any medical, dental or mental health records shall be attached to the written report. Defendants shall submit ONLY THOSE RECORDS RELEVANT TO THE CLAIMS RAISED IN THE COMPLAINT. ALL MEDICAL REOCRDS SHALL BE PRESENTED TO THE COURT IN CHRONOLOGICAL ORDER.</u> Medical records filed by Defendants shall NOT be attached as an exhibit to an affidavit/declaration explaining the contents of the records. <u>Where Plaintiff's claim(s) or Defendants' defenses relate to or involve the application of administrative rules, regulations or guidelines, the written report shall include copies of all such applicable administrative rules, regulations or guidelines</u>. In addressing the claims presented by Plaintiff, Defendants shall furnish copies of all documents, records and regulations relevant to Plaintiff's claims for relief.*

*4. If Defendants assert failure of exhaustion as an affirmative defense, they must provide a copy of the applicable grievance procedure and identify the manner in which Plaintiff failed to exhaust the grievance procedure. If Plaintiff failed to undertake the*

*available grievance procedure during his confinement in the jail/correctional facility and such procedure is no longer available to him, Defendants shall so advise the court*. *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 921 (2006) (failure of exhaustion is an affirmative defense which must be raised by Defendants); *Woodford v. Ngo*, 548 U.S. 81, 93, 126 S.Ct. 2378, 2387 (2006) ("[T]he PLRA exhaustion requirement requires proper exhaustion."). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." 548 U.S. at 90-91, 126 S.Ct. at 2386.

5. An answer to the complaint be filed by Defendants and served on Plaintiff on or before August 9, 2021.

6. <u>No</u> motion for summary judgment, motion to dismiss or any other dispositive motions addressed to the complaint be filed by any party without permission of the court. If any pleading denominated as a motion for summary judgment, motion to dismiss or other dispositive motion is sent to the court, the court shall not file or otherwise treat the pleading as a dispositive motion until and unless further order of the court. However, an exception to seeking leave from this court regarding dispositive motions exists for motions to dismiss

filed by Plaintiff in which he seeks dismissal of the case, claims or Defendants prior to entry of a Recommendation addressing any matter raised in the dispositive motion.

7. Plaintiff shall immediately inform the court and Defendants or, if counsel has appeared on behalf of Defendants, counsel of record of any change in his address, i.e., if Plaintiff is transferred to a new correctional institution or released from confinement he must, **at the time his address actually changes,** file a notice of the change in his address. For various administrative reasons, it is improper to change a party's address to reflect a possible future address. Failure to provide a correct address to this court within ten (10) days **following** any change of address will result in the dismissal of this action. Plaintiff shall also diligently prosecute this action or face the possibility it will be dismissed for failure to prosecute. *See* Rule 41(b), *Federal Rules of Civil Procedure*.

8. <u>NOTICE TO PLAINTIFF</u>.

(a) The *Federal Rules of Civil Procedure* require that Plaintiff mail to Defendants or counsel for Defendants, if an attorney has appeared on behalf of Defendants, a true copy of **<u>anything</u>** which he sends to the court. Failure to do so may result in dismissal of this case or other penalties. Anything filed should contain a certificate of service which specifically states that the pleading has been sent to Defendants or, when appropriate, counsel for Defendants. If the pleading does not contain a certificate of service, it will not be accepted for filing.

(b) With the exception of the complaint and any response ordered by the court, "[n]o other pleading shall be allowed" in this cause of action. Rule 7(a), *Federal Rules of Civil Procedure*.

(c)  Each pleading, motion or other application submitted to the court shall contain "a caption setting forth the name of the court, title of the action, the file number, and a designation[,]" Rule10(a), *Federal Rules of Civil Procedure*, and must be signed by Plaintiff.  Rule 11(a), *Federal Rules of Civil Procedure*.

(d)  Every application which requests an order or particular action by the court "shall be [presented] by motion which, unless made during a hearing or trial, shall be made in writing."  Rule 7(b)(1), *Federal Rules of Civil Procedure.*  The application "shall set forth with particularity the grounds" for the motion and "the relief or order sought." *Id*. Additionally, the request or application for relief must contain a proper caption setting forth a title designation which specifically states the action that the applicant or movant wants the court to undertake.  Rules 7(b)(2) and 10(a), *Federal Rules of Civil Procedure*.  Any application or request which fails to comply with the directives of the civil rules as outlined in this order will not be accepted by the court for filing.

 Plaintiff is hereby advised that the court will consider only those requests presented in an appropriate motion which is in the proper form.  Consequently, any application for relief or request for action must be contained in the title of the motion to warrant consideration by the court.

(e)  All amendments must be labeled with the words "amendment to complaint" or similar language. Except as permitted by Rule 15(a), *Federal Rules of Civil Procedure*, no amendment to a complaint will be accepted by the court for filing **unless accompanied by a motion for leave to amend**.

(f) **All amendments to the complaint and/or motions to amend must be filed within twenty-one (21) days of Defendants filing their special report and the allegations contained therein must relate to the facts made the basis of the instant complaint**. *See* Rule 15(a)(1)(B), Fed. R. Civ. P.  Proposed amendments or motions to amend filed after this date will be considered untimely.  Any such amendments or motions which contain claims unrelated to the claims presented in the original complaint will not be considered by the court.

(g) Plaintiff is informed that this case will proceed as quickly as possible and that he will be informed of all action the court takes.

(h) It is the responsibility of Plaintiff to furnish the clerk's office with accurate addresses for Defendants whom Plaintiff wishes to serve.  Without accurate addresses, service of process is impossible.  It is also the responsibility of Plaintiff to monitor this case to make sure that the persons whom Plaintiff wishes to sue have been served.  If a person has not been served, he/she is not a party to this lawsuit except in very unusual circumstances.

Plaintiff is specifically **CAUTIONED** that his failure to file motions, pleadings or other papers in conformity with the *Federal Rules of Civil Procedure* and/or the directives contained in this order will result in such documents not being accepted for filing.  The CLERK is DIRECTED to not accept for filing any pleadings, motions or other applications submitted by Plaintiff which are not in compliance with either the *Federal Rules of Civil Procedure* or the directives contained in this order.

The CLERK is hereby DIRECTED to (i) furnish a copy of this order to Plaintiff, (ii) provide a copy of this order together with a copy of the complaint to General Counsel for the Alabama Department of Corrections, and (iii) serve a copy of this order and the complaint via certified mail on the individuals named as Defendants.

DONE this 28th day of June, 2021.

/s/ Susan Russ Walker
UNITED STATES MAGISTRATE JUDGE